Michael Dearing K-99759
Sierra Conservation Center
Tuolume Yard
5150 O'Byrnes Ferry Road
Jamestown, CA   95327

Pro Se




# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL DEARING,  <br>  PLaintiff,  <br>  v.  <br>  CORRECTIONAL OFFICER MACHADO and CORRECTIONAL OFFICER GODINEZ,  <br>  In Their Individual Capacities,  <br>  Defendants. | No. C08 01712 MMC  <br><br>  COMPLAINT FOR DAMAGES: DEMAND FOR JURY TRIAL  <br>  42 U.S.C. § 1983 |

### JURISDICTION

1.   This action is brought pursuant to 42 U.S.C. § 1983. Therefore, jurisdiction is proper under 28 U.S.C. §§ 1331 and 1343.

### VENUE

1

2. The events giving rise to the claims alleged in this complaint occured at Salinas Valley State Prison, hearafter, "SVSP", in Monterey County, California. Therefore, venue is proper under 28 U.S.C. § 1391(B)(2).

3. This is a complaint for damages for Defendants' use of excessive force resulting in both physical and psychological injuries to Plaintiff in violation of his Eighth Amendment right to be free from cruel and unusual punishment.

4. Plaintiff is and was at all relevant times mentioned herein an inmate in the custody, control, and care of the California Department of Corrections and Rehabilitation, hearafter, "CDCR".

5. Defendant Machado is, and at all times relevant herein was employed by the CDCR as a correctional officer at SVSP. Plaintiff is informed and believes, and thereon alleges, that defendant Machado is a properly trained correctional officer who is and has been responsible for the safety, security, and over all well-being of all inmates at SVSP. At all times mentioned defendant Machado was acting under color of state law, in the course and scope of his employment, and is sued in his individual capacity.

6. Defendant Godinez is, and at all times relevant herin was employed by the CDCR as a correctional officer at SVSP. Plaintiff is informed and believes, and thereon alleges, that defendant Godinez is a properly trained correctional officer who is and has been responsible for the safety, security,

and over all well-being of all inmates at SVSP. At all times mentioned defendant Godinez was acting under color of state law, in the course and scope of his employment, and is sued in his individual capacity.

7. On April 4, 2007, at approximately 7:30 a.m., when Plaintiff exited the B-yard chow hall, Plaintiff asked Defendants Machado and Godinez if they would allow Plaintiff to speak to Correctional Sergeant Thomas, who was walking toward Plaintiff. Correctional Officer Machado handcuffed Plaintiff in response. Correctional Officer Godinez stood next to Machado as Machado hanscuffed Plaintiff.

8. While Godinez looked on, Machado did not press in the handcuff safety pin that prevents the handcuffs from continuing to tighten after being placed on a person's wrists. Instead, Machado deliberately squeezed the handcuffs into Plaintiff's wrists. Plaintiff screamed in agony while Godinez watched, doing nothing to prevent Machado from torturing Plaintiff. Machado, while continuing to squeeze the handcuffs around Plaintiff's wrists, began shoving Plaintiff towards building 3, while Godinez walked alongside Machado. While shoving Plaintiff, Machado said to Plaintiff, "I guess you don't know who I am do you?." Plaintiff replied that he didn't. Machado responded, "You will when this is over." as he continued squeezing the handcuffs.

9. Plaintiff asked Machado what his name was. Machado responded by squeezing the handcuffs tighter. The pain caused Plaintiff's legs to buckle. Plaintiff fell to his knees,

screaming in pain. Godinez, walking along side, did nothing to discourage Machado from torturing Plaintiff.

10. While Plaintiff was in agony on the ground, Machado lifted plaintiff off the ground by pulling on the handcuffs that were around Plaintiff's wrists with his arms behind Plaintiff's back. Plaintiff continued screaming in pain from the handcuffs squeezing his wrists and the unbearable angle of Plaintiff's arms behind his back Machado was doing as he lifted Plaintiff.

11. Machado held plaintiff upright by pulling on the tightening handcuffs until Plaintiff stood while Godinez watched with obvious pleasure and excitement at seeing Plaintiff being tortured by Machado.

12. While Machado continued squeezing the handcuffs, he and Godinez walked Plaintiff the remainder of the approxmate 80 yards from the chow hall to building 3, and Plaintiff's cell, number 132.

13. The dayroom was filled with bunkbeds with inmates on them because the 200 inmate capacity for the 100 cells was filled. While the inmates were watching, Correctional Officers Machado and Godinez appeared to enjoy being watched by inmates as they tortured Plaintiff.

14. Machado brought Plaintiff to his cell. The control correctional officer electronically opened the cell door. Machado then pushed Plaintiff slightly past the door threshold and began attempting to remove the handcuffs. Machado had first had difficulty getting the left cuff off because it

4

was so tight around Plaintiff's wrist. When he finally got it off, he had the same difficulty with the right cuff because it was too tight. With Godinez watching, holding the right cuff still around Plaintiff's wrist, feigning resistence by Plaintiff, Machado yelled, "What are you trying to do." He then shoved Plaintiff forward into the metal lockers bolted to the wall lined up directly with the doorway. The right side of Plaintiff's chest hit the metal locker. Machado then began twisting Plaintiff's handcuffed, right arm behind Plaintiff's back while he pressed Plaintiff into the metal locker. Machado began jerking Plaintiff's right arm up and down behind Plaintiff's back to increase the pain. After several minutes of twisting and jerking my left arm, Machado stopped and removed the cuff. Plaintiff looked behind him and saw Godinez and Machado walking away as Plaintiff's cell door was closed.

15. Machado's actions has caused Plaintiff's right hand to be partially paralyzed and perpetual numbness in his wrist.

16. As a result of Machado slamming Plaintiff into the metal locker, Plaintiff, who is sixty - two years old, constantly feels pain in his chest. Plaintiff was sent to the SVSP Central Treatment Clinic for X-rays of his right wrist, right hand, neck, and chest. Treatment has not aleviated the paralysis in Plaintiff's right hand.

17. Plaintiff suffers from severe psychological trauma, including anxiety and depression. Plaintiff feels a constant dread of vulnerability to serious injury because of his

advanced age, should prison guards torture him again.

18. Plaintiff's constant dread of being attacked again by correctional officers fills plaintiff with a constant dread to continue living as any semblance of resuming a normal life is unlikely in the future.

## CLAIM FOR RELIEF

(Eighth Amendment Violation - Excessive Force)

19. Plaintiff refers to and incorporates by reference herein the allegations of paragraphs 1 through 18, inclusive.

20. Plaintiff is informed and believes, and thereon alleges, that defendants Machado and Godinez violated Plaintiff's Eighth Amendment right to be free from cruel and unusual punishment. When analyzing Eighth Amendment claims that allege excessive force, courts consider both the objective severity of the inmate's injury and the subjective culpability of the official. (Hudson v. McMillan (1992) 503 U.S. 1, 8.) The objective component considers whether the wrongdoing was "harmful enough" to implicate the Eighth Amendment, but the standard is lower than that used in inadequate medical care or conditions of confinement claims, and a prisoner need not prove he or she has sustained a significant injury. (Hudson, 503 U.S. at 9-10; Clement v. Gomez (9th Cir. 2002) 298 F.3d 898, 904-05.) The subjective component considers whether the officials acted with a sufficiently culpable state of

mind. Use of force by prison officials may constitute cruel and unusual punishment if the force amounts to "unnecessary and wanton infliction of pain," which turns on "the core judicial inquiry [into] whether force was applied in a good-faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm. (Hudson, 503 U.S. at 6-7.) Factors to be considered in determining the subjective component include: (1) the need for the application of force; (2) the relationship between the need and amount of force used; (3) the extent of the threat to the safety of prison staff and other inmates as reasonably perceived by the responsible official; and (4) any efforts used by officials to temper the severity of a forceful response. (Hudson, 503 U.S. at 7.)

21.   Defendant Machado violated Plaintiff's Eighth Amendment right to be free from cruel and unusual punishment when he wantonly and sadistically inflicted pain and injury on Plaintiff for no other reason than to satisfy his personal enjoyment of inflicting pain on defenseless, elderly people.

22.   Defendant Godinez violated Plaintiff's Eighth Amendment right to be free from cruel and unusual punishment when he stood by watching Machado unnecessarily and wantonly inflicted pain on Plaintiff without taking any steps to temper or prevent Machado's actions.

23.   As a proximate result of defendants' conduct, Plaintiff has suffered and continues to suffer general damages in the form of severe pain and suffering, paralysis, and

emotional distress. Plaintiff is informed and believes, and thereon alleges, that he will continue to suffer such damages in the future.

24. As a further proximate result of defendants' conduct, plaintiff is informed and believes, and thereon alleges, that he will suffer special damages in the future in the form of medical expenses for treatment of his physical and mental condition, and loss of income.

25. In acting as described above, defendants acted despicably, knowingly, wilfully, and maliciously, or with reckless or callous disregard for Plaintiff's federally protected rights, entitling Plaintiff to an award of exemplary and punitive damages.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff Michael Dearing prays for judgement against defendants as follows:

1. For general damages, according to proof;

2. For special damages, according to proof;

3. For exemplary and punitive damages, according to proof;

4. For reasonable attorney fees pursuant to 42 U.S.C. § 1988;

5. For cost of the suit; and

6. For such other and further relief as the court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff Michael Dearing hereby demands a jury trial.

Dated: *March 25*, 2008

*Michael Dearing*
Michael Dearing
Pro Se Plaintiff

5150 O'BYRNES FERRY ROAD
JAMESTOWN, CA. 95327

STATE PRISON

ATTN: CLERK OF THE COURT

CLERK OF THE COURT
U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
280 S. FIRST ST.
SAN JOSE, CA. 95113


SIERRA CONSERVATION CENTER
STATE PRISON