IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL DEARING,<br><br>        Plaintiff,<br><br>  v.<br><br>CORRECTIONAL OFFICER MACHADO, CORRECTIONAL OFFICER GODINEZ,<br><br>        Defendants.<br>_____ | No. C 08-1712 MMC (PR)<br><br>**ORDER DIRECTING PLAINTIFF TO EFFECTUATE SERVICE UPON OR PROVIDE COURT WITH LOCATION INFORMATION FOR DEFENDANT MACHADO** |

     On March 31, 2008, plaintiff, a California prisoner incarcerated at the Sierra Conservation Center in Jamestown, California, and proceeding pro se, filed the above-titled civil rights action under 42 U.S.C. § 1983 against defendants Machado and Godinez, both correctional officers at Salinas Valley State Prison ("SVSP"). On September 26, 2008, the Court found the complaint stated a cognizable claim against said defendants for the violation of plaintiff's right, under the Eighth Amendment, to be free from the use of excessive force; the Court directed the United States Marshal to serve said defendants at SVSP, where plaintiff indicated they were located. The Marshal successfully served Godinez, on behalf of whom the State Attorney General's Office has appeared in this matter, but returned the summons unexecuted as to Machado, for the reason that Machado no longer is employed at SVSP and an attempt to serve him with the summons and complaint at his last known address was unsuccessful.

     In cases wherein the plaintiff proceeds in forma pauperis, the "officers of the court shall issue and serve all process." 28 U.S.C. § 1915(d). The court must appoint the Marshal to effect service, see Fed. R. Civ. P. 4(c)(2), and the Marshal, upon order of the court, must

serve the summons and the complaint, see Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994).  Although a plaintiff who is incarcerated and proceeding in forma pauperis may rely on service by the Marshal, such plaintiff "may not remain silent and do nothing to effectuate such service"; rather, "[a]t a minimum, a plaintiff should request service upon the appropriate defendant and attempt to remedy any apparent defects of which [he] has knowledge." Rochon v. Dawson, 828 F.2d 1107, 1110 (5th Cir. 1987).

Here, plaintiff's complaint has been pending for over 120 days, and, consequesntly, absent a showing of "good cause," is subject to dismissal without prejudice as to the unserved defendant, Machado.  See Fed. R. Civ. P. 4(m).  Because plaintiff has not provided sufficient information to allow the Marshal to locate and serve Machado, plaintiff must remedy the situation or face dismissal of his claims against said defendant.  See Walker, 14 F.3d at 1421-22 (holding prisoner failed to show cause why prison official should not be dismissed under Rule 4(m) where prisoner failed to show he had provided Marshal with sufficient information to effectuate service).

Accordingly, plaintiff must either himself serve Machado with the summons and complaint, or provide the Court with an accurate current location such that the Marshal is able to serve Machado.  <u>If plaintiff fails to effectuate service on Machado, or provide the Court with an accurate current location for said defendant, within **thirty (30) days** of the date this order is filed, plaintiff's claim against Machado will be dismissed without prejudice pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.</u>

IT IS SO ORDERED.

DATED: January 5, 2009

_____
MAXINE M. CHESNEY
United States District Judge