1   Charles G. Miller, State Bar No. 39272
    Brian P. Villarreal, State Bar No. 234690
2   BARTKO, ZANKEL, TARRANT & MILLER
    A Professional Corporation
3   900 Front Street, Suite 300
    San Francisco, California 94111
4   Telephone:   (415) 956-1900
    Facsimile:   (415) 956-1152
5
    Attorneys for Plaintiff
6   MICHAEL DEARING

7

8   KAMALA D. HARRIS
    Attorney General of California
9   MICHAEL W. JORGENSON
    Supervising Deputy Attorney General
10  CHRISTOPHER M. YOUNG
    Deputy Attorney General
11  State Bar No. 238532
      455 Golden Gate Avenue, Suite 11000
12    San Francisco, CA 94102-7004
      Telephone: (415) 703-5553
13    Fax: (415) 703-5843
      E-mail: Chris.Young@doj.ca.gov
    *Attorneys for Defendant M. Godinez*
14

15                    IN THE UNITED STATES DISTRICT COURT

16                  FOR THE NORTHERN DISTRICT OF CALIFORNIA

17                            SAN FRANCISCO DIVISION

18

19  | MICHAEL DEARING, | No. C 08-1712 MMC |
20  |                  |                    |
    |       Plaintiff, | **STIPULATED PROTECTIVE ORDER** |
21  |                  |                    |
    |       v.         |                    |
22  |                  |                    |
23  | CORRECTIONAL OFFICER MACHADO AND OFFICER GODINEZ, | |
24  |                  |                    |
    |       Defendants. |                   |
25

26
        Subject to the approval of this Court, the parties stipulate to the following protective order:
27

28
                                            1

1. In connection with discovery proceedings in this action, the parties may designate any document, thing, material, testimony, or other information derived therefrom, as "Confidential" under the terms of this Stipulated Protective Order ("Order"). Confidential information is information which has not been made public and includes information which concerns or relates to the processes, operations, investigations, or other information relating to the California Department of Corrections and Rehabilitation, the disclosure of which information may have the effect of causing harm to the safety and security of the prison, prison staff, inmates, Plaintiff, and Defendant.

By designating a document, thing, material, testimony or other information derived therefrom as "confidential," under the terms of this order, the party making the designation is certifying to the Court that there is a good-faith basis both in law and in fact for the designation within the meaning of Federal Rule of Civil Procedure 26.

2. Confidential documents shall be so designated by stamping copies of the document produced to a party with the legend "CONFIDENTIAL." Stamping the legend "CONFIDENTIAL" on the cover of any multipage document shall designate all pages of the document as confidential, unless otherwise indicated by the producing party.

3. Testimony taken at a deposition, conference, hearing or trial may be designated as confidential by making a statement to that effect on the record at the deposition or other proceeding. Arrangements shall be made with the court reporter taking and transcribing the proceeding to separately bind portions of the transcript containing information designated as confidential, and to label the separately bound portions appropriately.

4. Material designated as confidential under this Order, the information contained therein, and any summaries, copies, abstracts, or other documents derived in whole or in part from material designated as confidential (hereinafter "Confidential Material") shall be used only for the purpose of prosecution, defense, or settlement of this action, and for no other purpose.

5. Confidential Material produced pursuant to this Order may be disclosed or made available only to the Court, to counsel for a party (including the paralegal, clerical, and secretarial staff employed by such counsel), and to the "qualified persons" designated below:

1   (a) a party, or an employee of a party deemed necessary by counsel to aid in the
2   prosecution, defense, or settlement of this action;

3   (b) experts or consultants (together with their clerical staff) retained by counsel to assist
4   in the prosecution, defense, or settlement of this action;

5   (c) court reporter(s) employed in this action;

6   (d) a witness at any deposition or other proceeding in this action; and

7   (e) any other person as to whom the parties in writing agree.

8   Prior to receiving any Confidential Material, each "qualified person" shall be provided with
9   a copy of this Order and shall execute a nondisclosure agreement in the form of Attachment A.

10   6. Depositions shall be taken only in the presence of qualified persons.

11   7. The parties may further designate certain discovery material or testimony of a highly
12   confidential and/or proprietary nature as "CONFIDENTIAL—ATTORNEY'S EYES ONLY"
13   (hereinafter "Attorney's Eyes Only Material"), in the manner described in paragraphs 2 and 3
14   above. Attorney's Eyes Only Material, and the information contained therein, shall be disclosed
15   only to the Court, to counsel for the parties (including the paralegal, clerical, and secretarial staff
16   employed by counsel), and to the "qualified persons" listed in subparagraphs 5(b) through (e)
17   above, but shall not be disclosed to a party, or to an employee of a party, unless otherwise agreed
18   or ordered. If disclosure of Attorney's Eyes Only Material is made, all other provisions in this
19   Order with respect to confidentiality shall also apply.

20   8. Nothing herein shall impose any restrictions on the use or disclosure by a party of
21   material obtained by the party independent of discovery in this action, or from disclosing its own
22   Confidential Material as it deems appropriate.

23   9. If Confidential Material or Attorney's Eyes Only Material, including any portion of a
24   deposition transcript designated as Confidential or Attorney's Eyes Only, is included in any
25   papers to be filed in Court, such papers shall be labeled "Confidential—Subject to Court Order"
26   and filed under seal until further order of this Court.

27   10. In the event that any Confidential Material or Attorney's Eyes Only Material is used
28   in any court proceeding in this action, it shall not lose its confidential status through such use, and

1  the party using the material shall take all reasonable steps to maintain its confidentiality during
2  such use.

3      11.   This Order shall be without prejudice to the right of the parties (i) to bring before the
4  Court at any time a question of whether any particular document or information is confidential or
5  whether its use should be restricted or (ii) to present a motion to the Court under FRCP 26(c) for a
6  separate protective order as to any particular document or information, including restrictions
7  differing from those as specified herein. This Order shall not be deemed to prejudice the parties
8  in any way in any future application for modification of this Order.

9      12.   This Order is entered solely for the purpose of facilitating the exchange of documents
10 and information between the parties to this action without involving the Court unnecessarily in
11 the process. Nothing in this Order nor the production of any information or document under the
12 terms of this Order nor any proceedings pursuant to this Order shall be deemed to have the effect
13 of an admission or a waiver by any party or of altering the confidentiality or nonconfidentiality or
14 any such document or information or altering any existing obligation of any party or the absence
15 of obligation.

16     13.   This Order shall survive the final termination of this action, to the extent that the
17 information contained in Confidential Material or Attorney's Eyes Only Material is not or does
18 not become known to the public, and the Court shall retain jurisdiction to resolve any dispute
19 concerning the use of information disclosed under this Order. Upon termination of this case,
20 counsel for the parties shall assemble and return to each other all documents, material and
21 deposition transcripts designated as confidential and all copies of same, other than papers on file
22 with the Court, or shall certify the destruction thereof. Notwithstanding the foregoing, counsel
23 shall be permitted to retain one copy of each document filed with the Court or served in this
24 proceeding, including correspondence with opposing counsel, one copy of each trial and
25 deposition transcript and exhibit, which copies shall remain subject to the terms of this Order.

26     14.   Absent written permission by the designating party or Court order, information or
27 items designated as Attorney's Eyes Only Material shall not be shown or otherwise disclosed to
28 Plaintiff, Defendants, or any other inmates or guards. The parties agree that any audio or video

recordings of inmate interviews or other recordings designated as confidential under this order shall only be shown to Plaintiff to the extent necessary to question him about the incident and prepare him for trial. Plaintiff may not retain copies of any recordings. Counsel for Plaintiff may have and retain copies of any material designated for protection under this order.

15. The Court further orders that the last-known address for former Correctional Officer Oscar Machado, maintained by Salinas Valley State Prison, be designated as CONFIDENTIAL— ATTORNEY'S EYES ONLY. Any proof of service of the summons and complaint on Oscar Machado shall be filed under seal. Counsel for Defendant Godinez is ordered to serve counsel for Plaintiff Dearing with Machado's address designated as Attorney's Eyes Only Material.

SO STIPULATED:

DATED: 2/11/11

CHRISTOPHER M. YOUNG
Deputy Attorney General
Attorney for Defendant M. Godinez

DATED: 2/11/11

BRIAN P. VILLARREAL
Attorney for Plaintiff M. Dearing

APPROVED AND SO ORDERED; provided, however, that no document submitted for filing will be filed under seal unless the requirements set forth in Civil Local Rule 79-5 are satisfied.

DATED: February 14, 2011

MAXINE M. CHESNEY
United States District Judge