IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL DEARING,<br><br>  Plaintiff,<br>  v.<br>CORRECTIONAL OFFICER MACHADO, et al.,<br><br>  Defendants.<br>_____/ | No. C-08-1712 MMC<br><br>**ORDER GRANTING BARTKO, ZANKEL, TARRANT & MILLER'S MOTION TO WITHDRAW; DENYING PLANTIFF'S MOTION TO TERMINATE AND FOR OTHER RELIEF; VACATING OCTOBER 14, 2011 HEARING; DIRECTIONS TO CLERK** |

Before the Court is the "Motion to Withdraw as Attorneys of Record," filed September 8, 2011 by Bartko, Zankel, Tarrant & Miller ("Bartko"), counsel of record for plaintiff Michael Dearing ("Dearing"). No opposition or other response thereto has been filed.

Also before the Court is Dearing's "Motion for Order Terminating Brian Villarreal's Pro Bono Representation; Release of Client File; and a Pretrial Preparation Order," filed pro se on September 6, 2011. Bartko has filed a response. Additionally, defendant O. Machado has filed a response, in which defendant Godinez has joined and to which Dearing has filed a reply.

Having read and considered the above-referenced filings, the Court deems the matters suitable for decision on the parties' respective written submissions, VACATES the hearing scheduled for October 14, 2011, and rules as follows:

1. Good cause appearing, Bartko's motion to withdraw is hereby GRANTED. See Cal. Rules Prof. Conduct R. 3-700(C)(1)(d) (providing counsel may withdraw where client's "conduct renders it unreasonably difficult for [counsel] to carry out the employment effectively").

The Clerk of the Court is DIRECTED to update the docket to reflect the following address for Dearing, who, to the extent any future filings in this now-closed case are necessary, shall proceed pro se:

> Michael Dearing K-99759
> Sierra Conservation Center
> Tuolume Yard
> 5150 O'Byrnes Ferry Road
> Jamestown CA  95327

2. Dearing's motion is hereby DENIED, as follows:

    a. To the extent the motion seeks an order terminating Bartko's representation, the motion is DENIED as moot, in light of the Court's having granted Bartko's motion.

    b. To the extent the motion seeks an order directing Bartko to deliver to Dearing the entirety of Bartko's case file, the motion is DENIED, for the reason the file includes material Magistrate Judge Bernard Zimmerman ordered be produced by certain state agencies "under a protective order for attorney's eyes only." (See Villarreal Decl., filed September 8, 2011, Ex. B at 2); see also Cal. Rules Prof. Conduct R. 3-700(D)(1) (providing that upon termination of employment of attorney, "[s]ubject to any protective order or non-disclosure agreement," attorney shall release to the client "all the client papers and property") (emphasis added).[1]

    c. To the extent the motion seeks issuance of a pretrial preparation order, the motion is DENIED. By order filed July 29, 2011, the instant case was dismissed, and

---

[1] In its response to Dearing's motion, Bartko seeks guidance as to the disposition of the discovery material produced pursuant to the above-referenced protective order. To the extent any question may exist as to the proper disposition of the subject discovery material, Bartko may file a motion requesting such clarification from Magistrate Judge Zimmerman.

2

Dearing fails to show any cognizable basis exists to set aside the dismissal. As defendant Machado has shown, the parties have an enforceable settlement, the terms of which were placed on the record in open court. (See Villarreal Decl. Ex. C.) As the Ninth Circuit has observed, courts "cannot countenance a plaintiff's agreeing to settle a case in open court, then subsequently disavowing the settlement when it suits [him]." See Doi v. Halekulani Corp., 276 F.3d 1131, 1141 (9th Cir. 2002).[2]

**IT IS SO ORDERED.**

Dated: October 7, 2011

MAXINE M. CHESNEY
United States District Judge

---

[2] In his response to Dearing's motion, Machado includes a request that the Court direct Dearing to comply with the parties' settlement agreement. The request will be addressed in connection with the Court's consideration of defendants' "Joint Administrative Motion to Change Time to Comply with Court's Order of Dismissal," filed October 7, 2011, which motion likewise seeks such relief.

3